# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | |
|---|---|
| **CHARLES JUNIOR LOCKLEAR,** ) | |
| ) | |
| **Petitioner,** ) | |
| v. ) | **Civil Action No. 5:11-0993** |
| ) | |
| **JOEL ZIEGLER, Warden,** ) | |
| ) | |
| **Respondent.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Petitioner's Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody.[1] (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application should be dismissed.

## FACT AND PROCEDURE

**A.     Criminal Action No. 7:09-cr-0101:**

On October 21, 2009, Petitioner was convicted in the Eastern District of North Carolina of one count of Distribution of a Quantity of Cocaine in violation of 21 U.S.C. § 841(a)(1) (Count 4); and one count of Using and Carrying a Firearm in Furtherance of a Drug Trafficking Offense in violation of 21 U.S.C. § 924(c)(1)(A) (Count 5). United States v. Locklear, Case No. 7:09-cr-0101 (E.D.N.C. Jan. 20, 2010), Document No. 23. On January 20, 2010, the District Court sentenced Petitioner to a 33

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

month term of imprisonment as to Count 4 and a 60 month term of imprisonment as to Count 5, to run consecutive with Count 4. Id., Document No. 27. The District Court further imposed a three year term of supervised release. Id. Petitioner did not file an appeal with the Fourth Circuit Court of Appeals.

**B.    Rule 60(b) Motion:**

On July 2, 2010, Petitioner filed in the Eastern District of North Carolina a Motion for Relief from Judgment Pursuant to Rule 60(b). Id., Document No. 31. On August 2, 2010, the United States filed a "Motion to Re-Characterize, Motion to Deny with Incorporated Memorandum of Law." Id., Document No. 33. On August 19, 2010, Petitioner filed his Response objecting to the re-characterization of his motion and requesting that the Court grant him relief pursuant to Rule 60(b). Id., Document No. 35. By Notice entered on August 24, 2010, the Court informed Petitioner of its intention to construe his Motion for Relief from Judgment Pursuant to Rule 60(b) as a Motion to Vacate Pursuant to 28 U.S.C. § 2255. Id., Document No. 36. On September 17, 2010, Petitioner filed his Response again objecting to the construing of his Rule 60(b) Motion as a Section 2255 Motion. Id., Document No. 37. By Order entered on November 9, 2010, the District Court denied Petitioner's Motion for Relief from a Final Judgment Pursuant to Rule 60(b). Id., Document No. 38. Petitioner filed a Notice of Appeal. On July 21, 2011, the Fourth Circuit affirmed the decision of the District Court. United States v. Locklear, 439 Fed.Appx. 281 (4th Cir. 2011).

**C.    Section 2255 Motion:**

On January 25, 2011, Petitioner filed in the Eastern District of North Carolina a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Locklear, Case No. 7:09-cr-0101, Document No. 47. The United States filed its Motion to Dismiss on March 8, 2011. Id., Document No. 52. On March 31, 2011, Petitioner filed his Response. Id., Document No. 54. By Memorandum Opinion and Order entered on May 3, 2011, the District Court granted the United States' Motion to

Dismiss. Id., Document Nos. 55 - 56. Petitioner filed a Motion for Reconsideration, which the District Court denied on June 20, 2011. Id., Document Nos. 57 - 58. Petitioner filed a Notice of Appeal on June 30, 2011. Id., Document No. 59. On November 17, 2011, the Fourth Circuit denied Petitioner's appeal. United States v. Locklear, 453 Fed.Appx. 390 (4th Cir. 2011).

**D.      Section 2241 Petition:**

On December 15, 2011, Petitioner filed his instant Petition requesting relief under 28 U.S.C. § 2241. (Civil Action No. 5:11-0993, Document No. 1.) As grounds for *habeas* relief, Petitioner asserts the following: (1) "Absence of truth in sentencing;" and (2) "Ineffective and disloyal counsel." (Id.) First, Petitioner claims that his "entire history of involvement in drugs totaled approximately 14 grams of powder cocaine, [but] the Government falsely alleged '500 grams to 2 kilograms of powder cocaine.'" (Id., p. 4.) Petitioner explains that he "purchased one ounce (28 grams) of cut cocaine, which they then mixed with 3.5 ounces of baking soda and sold to the government entrapment specialist." (Id., p. 2.) Petitioner, therefore, claims that his conviction of 500 grams to 2 kilograms of powder cocaine is invalid. (Id., pp. 2 - 4.) Petitioner further claims that his firearms conviction is invalid because he "had no weapon, nor did he have access to one." (Id., p. 4.) Next, Petitioner argues that his trial counsel was ineffective by allowing "a false drug amount and untrue statements regarding a weapon in furtherance of a drug transaction to hang upon the court." (Id.) As relief, Petitioner requests that this Court order his release from custody. (Id., p. 7.)

## ANALYSIS

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus*

authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11 Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his convictions and sentences as imposed by the Eastern District of North Carolina. Specifically, Petitioner contends that he was improperly convicted of possessing "500 grams to 2 kilograms of cocaine rather than 14 grams" and that he is innocent of the possession of a firearm charge. Petitioner, therefore,

requests that this Court order his release from custody. Petitioner is clearly challenging the validity of his convictions and sentences, not the manner in which his sentences are being executed. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion and transferred to the appropriate jurisdiction. See Pack, 218 F.3d at 452.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Application as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Eastern District of North Carolina. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's instant Application should not be construed and transferred as a Section 2255 Motion because Petitioner has proceeded under Section 2255 in the sentencing Court at least once before and has not obtained certification/authorization to file a second or successive Motion from the Fourth Circuit Court of Appeals.[2]

---

[2] Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction or sentence in a venue other than the sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of

---

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Petitioner's Motion actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." *In re Goddard*, 170 F.3d 435, 436 (4th Cir. 1999); *See* 28 U.S.C. § 2244(b)(3)(A).

a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34.

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. Petitioner does not allege an intervening change in law that establishes his actual innocence. As stated above, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255.[3] Therefore, Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion and his Section 2241 Petition should be dismissed.

### PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to

---

[3] Petitioner states that he "filed a § 2255 in the court of sentencing, which was dismissed" and "[a] certificate of appealability was denied by the Fourth Circuit on November 28, 2011, rendering that avenue of relief exhausted and unavailable." (Document No. 1, p. 1.)

7

the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: October 3, 2014.

R. Clarke VanDervort
United States Magistrate Judge